Goldman *v.* Taylor et al., Appellants.

Argued October 22, 1934. Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, PARKER and JAMES, JJ.

*S. Y. Rossiter*, and with him *S. A. Sisson*, for appellants.

*W. Pitt Gifford*, of *Gunnison, Fish, Gifford & Chapin*, for appellee.

OPINION BY TREXLER, P. J., January 4, 1935:

The directors of the poor of Erie County, by authority of an order of the court of common pleas of said county authorizing them to purchase additional real estate necessary for the proper maintaining of the poor within the poor district of Erie County, issued their warrant in the sum of $2,000 to the plaintiff in this case. This warrant was not countersigned by the controller of the County of Erie, and upon presentation of the same to the defendant, Lawrence A. Taylor, county treasurer, who was also treasurer of the school district, payment was refused. Thereafter a petition for a writ of mandamus upon the treasurer, as treasurer of the poor district, was presented, and a writ of alternative mandamus issued, the controller of the County of Erie by leave of court intervening, and both the defendant and intervening defendant filed demurers.

The question we are asked to decide is, "Is the counter-signature of the controller of Erie County required to validate warrants drawn by the directors of the poor of Erie County upon the treasurer of the Erie County poor district for payments out of moneys

previously set aside to such directors of the poor by the county commissioners and paid to them by warrants drawn on the county treasurer, counter-signed by the county controller?" The lower court held that it was not necessary for the controller to countersign such warrant and directed the treasurer of the poor district to pay the warrant.

The Erie County poor district was created by special Act of June 24, 1839, P. L. 423, and in that act as well as in the amendatory Act of April 23, 1903, P. L. 285, it was provided that the directors should be a body politic and corporate in law. Provision was made in the original act for the raising of the necessary funds by taxation through the county commissioners, the amount collected was to be paid to the directors on warrant in their favor by the county commissioners. By the General Poor Relief Act of 1925, P. L. 762, Sec. 212, it is provided; that the treasurer of the county shall be treasurer of the poor district, shall receive all moneys belonging to the district, and pay out the same on warrants drawn by the directors of the poor. The accounts of the treasurer with the said district shall be audited by the county controller or county auditors of said county, in accordance with the laws relating to accounts of county treasurers, and the same section provides, that the treasurer shall give a separate bond for the safe keeping and proper payment to the directors of the poor. The Act of June 3, 1933, P. L. 1517, made the board of directors of the poor of Erie County appointees of the Court of Quarter Sessions of Erie County. Section 1 of said act provides inter alia: "Such directors *shall not be county officers,* and shall not be subject to the general laws relating to county offices." (Italics ours.) By the General Poor Relief Act, supra, the funds raised by the county for poor purposes are to be placed in the hands of the treasurer of the poor

district upon warrant signed by the county commissioners and, of course, counter-signed by the controller. When, however, they have passed out of the hands of the county treasurer into those of the treasurer of the school district, specifically designated as such, they cease to be county funds and the warrant of the poor directors drawing upon such fund does not require the counter-signature of the county controller, that signature is only necessary to the transfer of the funds, not to the distribution of them after they are transferred. True it is that there is but one actor in the transaction, but he appears in two capacities. The county controller only has authority over the fiscal affairs of the county. His action is limited to that by the Act of May 2, 1929, P. L. 1278. His duties, power and authority are set out in Sections 341, 349, 350, 351 and 352. It may be desirable, as argued by counsel for the appellant, that the controller should have the same control over the funds in the poor district as those of the county, but the answer to that is that the Legislature did not see fit thus to provide. There are no dire consequences that will ensue, as argued, by reason of the lack of control on the part of the controller, for auditors are provided for the accounts of the poor directors, and the county controller, or the county auditors are designated to act for that purpose. The appellant relies upon the case of Commonwealth ex rel. Hollenback v. County Treasurer, 16 D. R. 481, wherein Judge ENDLICH, whose opinions are always of value, it is claimed, held that under similar circumstances the county controller's counter-signature was requisite to warrants drawn by the poor directors of Berks County. It is, however, pointed out by the lower court that the act in question in that case required that the poor taxes raised should be paid into the county treasurer, and the county treasurer should keep a separate account of the said county poor taxes

received by him and pay out the same upon warrants drawn by the directors. The difference between that case and the present is that in the one the county treasurer as such is custodian of the fund, while in the present case he is specifically designated as the treasurer of the poor district and acts in that capacity. In the one case it is a mere matter of bookkeeping. We repeat what Judge GRAFF, specially presiding, by way of summary, said, "When the funds were assessed and collected they were county funds, but when paid over to the directors of the poor on warrants drawn by the county commissioners, counter-signed by the controller, said funds then became funds of the poor district, an entity separate and distinct from the County of Erie. The Act of 1933 specifically provides that said directors shall not be county officers, and not subject to the general laws relating to county officers. Under such circumstances we are of the opinion that the county controller has no authority whatsoever over the funds when they have been actually turned over to the poor district, and, consequently, the counter-signature of the controller is not necessary in order to render valid any warrant issued by the directors of the poor."

The order of the lower court is affirmed. Appellant to pay the costs.